UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TOBIAS M. LATTIER** <br> **LA. DOC #488409** <br> **VS.** | **CIVIL ACTION NO. 09-0339** <br><br> **SECTION P** <br><br> **CHIEF JUDGE JAMES** |
| **ALLEN CUPP, ET AL.** | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Tobias M. Lattier, proceeding *in forma pauperis*, filed the instant civil rights complaint on March 2, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); when he filed this suit he was incarcerated at the Richland Detention Center (RDC), Rayville, Louisiana, and he complained of circumstances and conditions of confinement at that institution. On August 18, 2009, the undersigned recommended dismissal of plaintiff's claims against all of the defendants except Lt. Ham and directed service of process on the remaining defendant. [Docs. 6 and 7] On September 21, 2009, the recommendation was adopted and all claims except those against Lt. Ham were dismissed as frivolous. [Doc. 8] With regard to the remaining claim, plaintiff was provided the documents necessary to effect service of process on Lt. Ham and was directed to provide service documents to the Clerk within 30 days of August 18, or, on or about September 21, 2009. [Doc. 7] When plaintiff failed to timely respond, the undersigned, on October 16, 2009, directed the Clerk to send plaintiff Notice of Intent to Dismiss at his last known address. Plaintiff was advised to comply with the August 18, 2009, order or show cause for his failure to comply within 30 days of October 16, 2009, or suffer dismissal of the remaining claim. [Doc. 9] The

Notice of Intent was returned by the United States Postal Service with the notation "RTS/not deliverable as addressed/unable to forward" on November 2, 2009.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the Notice of Intent to Dismiss [Doc. 9] was returned indicating that plaintiff was no longer incarcerated at the RDC [Doc. 10] and plaintiff has not updated his address.

Therefore,

**IT IS RECOMMENDED** that plaintiff's remaining claim against Lt. Ham be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

2

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, December 2, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE